**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 26-32522-mvl-11 |
| North Texas Fiber, Inc., | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., RM. 1254. DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON JULY 16, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

# MOTION OF LIBERTY BANKERS LIFE INSURANCE COMPANY FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a) OR, IN THE ALTERNATIVE, TO CONVERT THIS CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)

Liberty Bankers Life Insurance Company ("Liberty"), the first-priority secured creditor of North Texas Fiber, Inc. ("NTF" or the "Debtor"), files this Motion for the Appointment of a Chapter 11 Trustee or, in the Alternative, to Convert this Case to Chapter 7 (the "Motion") pursuant to 11 U.S.C. §§ 1104(a) and 1112(b) and Rules 2007.1, 1017, and 9014 of the Federal Rules of Bankruptcy Procedure, and respectfully shows the Court as follows:

## I. PRELIMINARY STATEMENT

1. This is a case in which the Debtor's management cannot be trusted to administer the estate. While bound by a state-court Agreed Temporary Injunction, the Debtor secretly contracted to sell four of its largest customer contracts — Liberty's collateral — to a competing fiber company, in a transaction designed to extinguish Liberty's liens, and concealed both the sale and the financing behind it. The Debtor gave Liberty access to only four bank accounts while maintaining at least five undisclosed accounts, and its records reflect more than twenty undisclosed investor or loan agreements. The Debtor has filed two successive bankruptcy cases, each on the eve of enforcement, and has continued to consume Liberty's cash collateral without authority or accounting. Its own cash-collateral budget projects continuing monthly losses, and its revenue has collapsed by roughly 80% in the last year.

2. On these facts, the appointment of a Chapter 11 trustee is warranted for cause under 11 U.S.C. § 1104(a)(1), and is independently in the interests of creditors under § 1104(a)(2). In the alternative, the case should be converted to Chapter 7 for cause under 11 U.S.C. § 1112(b). The facts set forth below are established by the accompanying Declarations of Mitchell Madden and Eric Johansson.[1]

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates are 11 U.S.C. §§ 1104(a) and 1112(b).

---

[1] Those Declarations are attached to *Liberty Bankers Life Insurance Company's Objection to Debtor's Motion to Authorize Use of Cash Collateral and Debtor's Motion for Expedited Hearing* filed concurrently herewith.

## III. FACTUAL BACKGROUND

4. Liberty is NTF's first-priority secured creditor, owed more than $2.74 million, secured by NTF's customer contracts and their revenues and other assets. NTF defaulted in October 2025 and has made no payment since September 22, 2025. The particulars of Liberty's loan, liens, claim, and the deterioration of its collateral are set forth in the accompanying Declaration of Eric Johansson, and the litigation history and the Debtor's conduct are set forth in the accompanying Declaration of Mitchell Madden.

5. In the parties' state-court litigation, the court entered an Agreed Temporary Injunction on January 7, 2026, requiring NTF, among other things, to obtain Liberty's consent for out-of-ordinary-course transactions, to disclose all of its bank accounts, to produce all of its customer contracts, and to provide complete financial reporting. NTF failed to comply, and Liberty moved to enforce the injunction and to appoint a receiver.

6. While the injunction was in effect, NTF entered into an Asset Purchase Agreement dated February 15, 2026 to sell four of Liberty's collateral contracts — the Cresson Estates, Kelly Ranch Estates, Sherman Park Apartments, and Greenville Village projects — to Private Fiber, Inc. A June 3, 2026 letter confirmed that Private Fiber would fund a $650,000 escrow expressly to satisfy conditions requiring the release and termination of Liberty's UCC-1 liens. NTF never disclosed the transaction to Liberty and never sought Liberty's consent.

7. NTF gave Liberty access to only four bank accounts while maintaining at least five undisclosed Frost Bank accounts, and its production reflected more than twenty undisclosed investor or loan agreements. NTF has continued to collect Liberty's cash collateral without authority or accounting, its contract portfolio has fallen from 53 contracts to 31, and its gross revenues have declined roughly 80% to about $11,000 per month. NTF filed its first bankruptcy

case pro se on January 6, 2026 (dismissed January 22, 2026), and filed this case on June 5, 2026, the day before a noticed enforcement hearing.

## IV. ARGUMENT AND AUTHORITIES

### *A. A Chapter 11 Trustee Should Be Appointed for Cause Under § 1104(a)(1).*

8. Section 1104(a)(1) provides that the court "shall order the appointment of a trustee" for cause, "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management." 11 U.S.C. § 1104(a)(1). The Fifth Circuit has explained that appointment under Section 1104(a)(1) is "an extraordinary remedy," that there is "a strong presumption that the debtor should be permitted to remain in possession," and that the movant bears the burden of proof by clear and convincing evidence; but where that burden is met, appointment is mandatory. *In re Cajun Elec. Power Coop., Inc.,* 69 F.3d 746, 749 (5th Cir. 1995). The Debtor's conduct supplies ample cause. The Debtor secretly agreed to sell Liberty's principal collateral and to extinguish Liberty's liens, concealing the transaction from both Liberty and the protections of a state-court injunction; it concealed at least five bank accounts and more than twenty investor or loan agreements; and it has consumed Liberty's cash collateral without authority or accounting. That conduct reflects dishonesty and, at a minimum, gross mismanagement by current management, which remains in control of the Debtor as debtor in possession. The Fifth Circuit has recognized that comparable conduct — including "making transfers on the eve of bankruptcy in an effort to destroy the [secured creditor's] security interest," together with incompetent management — supports the appointment of a trustee. Id. at 751 (discussing *In re Colorado-Ute Elec. Ass'n, Inc.*). The Debtor's concealment and self-dealing are the kind of bad-faith conduct this Court has found to warrant a fiduciary's appointment or the displacement of management. *See In re Petros*, No. 23-32905-mvl11, slip op. at 33 (Bankr. N.D. Tex. Nov. 4,

2024) (Larson, J.) (finding cause on the debtor's bad faith and ordering relief to "stem any further dissipation of assets by self-interested insiders"); *In re With Purpose, Inc.*, 2025 Bankr. LEXIS 98, 2025 WL 271469 (Bankr. N.D. Tex. Jan. 22, 2025) (Larson, J.) (bad-faith conduct supplies "cause").

***B. Appointment Is Also in the Interests of Creditors Under § 1104(a)(2).***

9. Independently, § 1104(a)(2) authorizes the appointment of a trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2); see In re Cajun Elec. Power Coop., Inc., 69 F.3d 746, 751 (5th Cir. 1995). This standard is flexible and looks to the practical realities of the case and the need for protection that an independent fiduciary can provide. Given the Debtor's concealment of assets, financing, and an unauthorized sale of collateral, creditors cannot rely on current management to marshal and protect estate assets or to provide candid disclosure. An independent trustee is needed to investigate the undisclosed accounts, the undisclosed financing, and the Private Fiber transaction, and to protect the estate and Liberty's cash collateral.

***C. In the Alternative, the Case Should Be Converted to Chapter 7 Under § 1112(b).***

10. Section 1112(b) requires the Court to convert or dismiss a Chapter 11 case for cause. 11 U.S.C. § 1112(b)(1). "Cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," id. § 1112(b)(4)(A), and the "unauthorized use of cash collateral substantially harmful to 1 or more creditors," id. § 1112(b)(4)(D). In addition, the Fifth Circuit has long held that a debtor's lack of good faith is itself "cause" for conversion or dismissal under § 1112(b). *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1072 (5th Cir. 1986). Each of these grounds is present. The Debtor's own proposed budget projects continuing monthly operating losses; its revenue has collapsed and its collateral is wasting; it has

no realistic prospect of rehabilitation; it has used Liberty's cash collateral without authorization, to Liberty's substantial harm; and it has pursued two successive, eve-of-enforcement filings against a backdrop of concealment, reflecting the absence of good faith. Should the Court decline to appoint a trustee, conversion to Chapter 7 is warranted so that an independent trustee can liquidate the remaining assets for the benefit of creditors. This Court has set out the governing § 1112(b) framework and exercised its "wide discretion" to convert a case to Chapter 7 where cause exists and conversion best serves creditors. *See In re Petros*, No. 23-32905-mvl11, slip op. at 18–19 (Bankr. N.D. Tex. Nov. 4, 2024) (Larson, J.) (movant makes a prima facie showing of cause/lack of good faith, after which the burden shifts to the debtor; converting to Chapter 7); *In re With Purpose, Inc.*, 2025 Bankr. LEXIS 98, 2025 WL 271469 (Bankr. N.D. Tex. Jan. 22, 2025) (Larson, J.) (§ 1112(b)(4) cause includes "unauthorized use of cash collateral substantially harmful to one or more creditors"). In *Petros* the case proceeded under Subchapter V, where § 1104 trustee relief is unavailable (slip op. at 15); here, in an ordinary Chapter 11, § 1104(a) relief is available in addition to conversion.

## V. RESERVATION OF RIGHTS

11. Liberty files this Motion without waiver of, and expressly reserving, all of its rights and remedies, including its contemporaneous Motion for Relief from the Automatic Stay and Motion for Adequate Protection, its right to assert and amend its proof of claim, its right to credit bid under 11 U.S.C. § 363(k), and its right to supplement this Motion or present evidence at any hearing.

## VI. PRAYER

**WHEREFORE,** Liberty Bankers Life Insurance Company respectfully requests that the Court enter an order (i) directing the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a)

or, in the alternative, (ii) converting this case to a case under Chapter 7 under 11 U.S.C. § 1112(b); and (iii) granting Liberty such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HOLMGREN JOHNSON:**
**MITCHELL MADDEN, LLP**

By: */s/ Mitchell Madden*
Mitchell Madden
State Bar No. 12789350
Email: mmadden@thelomm.com
12801 North Central Expressway, Suite 140
Dallas, Texas 75243
Telephone: 972-484-7780
Facsimile: 972-484-7743

\- and -

John P. Lewis, Jr.
Texas State Bar No. 12294400
JPLewis@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

**ATTORNEYS FOR LIBERTY BANKERS LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2026, a true and correct copy of the foregoing Motion was served on the Debtor, the Debtor's counsel of record, the United States Trustee for the Northern District of Texas, and all parties requesting notice, via the Court's CM/ECF electronic filing system and/or by first-class United States mail, in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

*/s/ Mitchell Madden*
Mitchell Madden

**CERTIFICATE REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to General Order 2023-03 of the United States Bankruptcy Court for the Northern District of Texas, the undersigned certifies that, to the extent any portion of the foregoing was drafted using generative artificial intelligence, the undersigned has verified that any language so generated — including all legal citations and factual assertions — was checked for accuracy using print reporters, traditional legal databases, or other reliable means.

*/s/ Mitchell Madden*
Mitchell Madden