Charles B. Hendricks
State Bar No. 09451050
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7302
Email: chuckh@chfirm.com

Attorneys for Behrooz P. Vida, Chapter 11 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| NORTH TEXAS FIBER, INC., | § | Case No. 26-32522-mvl11 |
| | § | |
| Debtor. | § | |
| | § | |

# EX PARTE MOTION TO ENFORCE AUTOMATIC STAY

Behrooz P. Vida, Chapter 11 Trustee in the above styled and numbered case, makes this *Ex Parte Motion to Enforce Automatic Stay* and would respectfully show the Court as follows:

1. North Texas Fiber, Inc. ("Debtor") filed a petition for bankruptcy under Chapter 11 on June 5, 2026.

2. On August 27, 2026, the Court entered an order for the appointment of a Chapter 11 Trustee [Docket No. 98].

3. On August 28, 2026, Behrooz P. Vida was appointed Chapter 11 Trustee by the United States Trustee [Docket 101].

4. On September 1, 2026, the Court approved the appointment of Behrooz P. Vida as Chapter 11 Trustee [Docket No. 107].

5. At 8:30 a.m. on Thursday September 3, 2026, the Trustee met the Debtor's counsel Greg Mitchell and the [then] President and CEO of the Debtor Nickolas Costas at the

Debtor's offices located at 4550 Jimmy Doolittle Drive, Addison, Texas 75001. The Trustee instructed Mr. Costas to turnover all property, keys, and passwords to the Trustee; asked Mr. Costas to leave the premises; and allowed Mr. Costas to take his personal effects from the office. The Trustee also had the locks changed on the leased office.

6. Mr. Costas cooperated with the Trustee. Mr. Costas and Mr. Mitchell left the premises at approximately 10:30 a.m.

7. Upon removal of the former CEO, the Trustee named Bedri Wilderom as the new CEO working under the authority of the Trustee to manage the Debtor's business [See Docket No. 109]. Mr. Wilderom was on site Thursday morning with the Trustee along with a technician whose responsibility it was to respond to customer needs for installation and any service interruptions.

8. North Texas Fiber, Inc., is an ongoing daily business. The Debtor's business has two primary parts: (1) installation of fiber cable to housing developments in North Texas; and (2) provision of internet access and ongoing maintenance to over 300 residential and commercial customers, who pay the Debtor monthly.

9. The "behind the scenes" visionary and functional manager of North Texas Fiber, Inc. (without title or ownership, apparently due to his past) is Alfred Louis Vassallo, Jr., aka Bobby Vassallo ("Bobby Vassallo").

10. At approximately 6:30 p.m. Thursday September 3, 2026, undersigned counsel for the Trustee received a call from Mr. Wilderom notifying him of the following developments:

a. All incoming email and phone calls to the Debtor's business had mysteriously ceased that afternoon;

b. Upon investigation by Mr. Wilderom's IT contractors, it was discovered that at 12:15 p.m. that afternoon, Bobby Vasallo had changed the internet records to divert both email and phone calls away from the Debtor; and

c. Later Mr. Wilderom discovered that the Debtor had also lost access to the Debtor's billing and payment service—IP Pay.

11. Without access to its customers and payment system, the Debtor cannot operate its business, and is in grave danger of irreparable harm if these actions are not immediately reversed and all data restored.

12. Because of the obvious timing of the diversion of this data, the Trustee believes that former CEO Nickolas Costas must have been involved with this damaging activity.

13. The Trustee is further concerned that with access to all the customer emails, customers could be told that North Texas Fiber went out of business and to find another ISP.

14. Under 11 U.S.C. §362(a)(3) of the Bankruptcy Code all persons are stayed from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

15. Bobby Vassallo and Nick Costas have violated, and continue to violate 11 U.S.C. §362(a)(3). In doing so they are harming the Debtor's business.

16. The Trustee makes this *ex parte* motion because he believes that any notice to Mr. Vassallo or Mr. Costas of the Trustee's request for court action may cause additional damage to the estate.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

a. Directing Bobby Vassallo and Nickolas Costas immediately to reverse all actions taken by them or at their direction to divert or deny the Trustee access to

any data or services of the Debtor's business;

b. Directing Bobby Vassallo and Nickolas Costas immediately to restore to the Trustee any data or information taken by them, or at their direction;

c. Directing Bobby Vassallo and Nickolas Costas to deliver to the Trustee, or as directed by the Trustee, any server or computer on which any data of North Texas Fiber, Inc. may reside that is in the possession, custody, or control of either Mr. Vassallo or Mr. Costas;

d. Ordering Bobby Vassallo and Nickolas Costas to appear before this Court to show cause why they should not be sanctioned and ordered to repay the Trustee for damage caused by their actions; and

e. Granting the Trustee such further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Charles B. Hendricks
Charles B. Hendricks
State Bar No. 09451050
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7302
Email: chuckh@chfirm.com

Attorneys for Behrooz P. Vida,
Chapter 11 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| NORTH TEXAS FIBER, INC., | § | Case No. 26-32522-mvl11 |
| | § | |
| Debtor. | § | |
| | § | |

# DECLARATION OF BEHROOZ P. VIDA

I, Behrooz P. Vida, hereby declare under penalty of perjury the following:

I am over the age of 21 years, have never been convicted of a felony, am of sound mind, with personal knowledge of the following facts, and fully competent to testify.

1. I was appointed and approved by the Court as Chapter 11 Trustee for the estate of North Texas Fiber, Inc., as of September 1, 2026.

2. At 8:30 a.m. on Thursday September 3, 2026, I and my counsel Chuck Hendricks met the Debtor's counsel Greg Mitchell and the President and CEO of the Debtor Nickolas Costas at the Debtor's offices located at 4550 Jimmy Doolittle Drive, Addison, Texas 75001. I instructed Mr. Costas to turnover all property, keys, and passwords to me; asked Mr. Costas to leave the premises; and allowed Mr. Costas to take his personal effects from the office. I also had the locks changed on the leased office.

3. Mr. Costas was cooperative, took his personal effects, and left the premises with Mr. Mitchell at approximately 10:30 a.m.

4. In order to continue the business operations without interruption, I named Mr. Bedri Wilderom as the new CEO working under my authority as Trustee, to manage the Debtor's business [See Docket No. 109]. Mr. Wilderom was on site with me yesterday morning along

with a technician whose responsibility it is to respond to customer needs for installation and any service interruptions.

5. North Texas Fiber, Inc., is an ongoing daily business. The Debtor's business has two primary parts: (1) installation of fiber cable to housing developments in North Texas; and (2) provision of internet access and ongoing maintenance to over 300 residential and commercial customers, who pay the Debtor monthly.

6. I have been informed that a Mr. Bobby Vassallo has been the "behind the scenes" visionary and functional manager of North Texas Fiber, Inc. (without title or ownership, apparently due to his past). Upon investigation by my counsel, Bobby Vassallo's legal name is Alfred Louis Vassallo, Jr. and he resides in the Dallas area.

7. I was informed by my counsel Chuck Hendricks about 7:30 last night that all incoming email and telephone traffic to North Texas Fiber, Inc. was diverted early yesterday afternoon by Bobby Vassallo. Additionally, I learned from my counsel this morning that access to the platform for customer billing and collection had also been lost.

8. I am concerned that unless the Court enters an order immediately, the estate will be further damaged by unauthorized use of the data and customer contacts that I am told were diverted yesterday afternoon by Bobby Vassallo.

I am providing this Declaration in support of my *Ex Parte Motion to Enforce Automatic Stay.*

I declare under penalty of perjury of the laws of the United States of America that the statements in the Motion are true and correct.

Dated September 4, 2026.

Trustee

Behrooz P. Vida, Chapter 11 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| NORTH TEXAS FIBER, INC., | § | Case No. 26-32522-mvl11 |
| | § | |
| Debtor. | § | |
| | § | |

# DECLARATION OF BEDRI WILDEROM

I, Bedri Wilderom, hereby declare under penalty of perjury the following:

1. I am over the age of 21 years, have never been convicted of a felony, am of sound mind, with personal knowledge of the following facts, and fully competent to testify.

2. I have been retained by Behrooz Vida, the Chapter 11 Trustee in this case, to take over all operations of North Texas Fiber, Inc. as CEO.

3. I previously worked as President for North Texas Fiber, Inc. from February 2023 to September 2024, and am familiar with the business operations and many of the Debtor's personnel.

4. North Texas Fiber, Inc., is an ongoing daily business. The Debtor's business has two primary parts: (1) installation of fiber cable to housing developments in North Texas; and (2) provision of internet access and ongoing maintenance to over 300 residential and commercial customers, who pay the Debtor monthly.

5. The "behind the scenes" visionary and functional manager of North Texas Fiber, Inc. (without title or ownership, apparently due to his past) is Alfred Louis Vassallo, Jr., aka Bobby Vassallo ("Bobby Vassallo"). I know Mr. Vassallo personally. I also know Nickolas Costas. Mr. Costas has been the President and CEO since I left in 2024 and works closely with, and under the direction of, Bobby Vassallo.

6. I was at the North Texas Fiber office in Addison yesterday morning when the Trustee terminated Mr. Costas and asked him to leave the office. I immediately took over operation of the business and began working with the technician on site who was responding to customer needs.

7. Late in the afternoon yesterday the technician informed me that he could not access the phone systems because email was not working.

8. Upon investigation by other North Texas Fiber contractors working under my direction, we discovered that at 12:15 p.m. yesterday, Bobby Vassallo had changed the internet records of North Texas Fiber to divert company email away from the Debtor.

9. I immediately informed Trustee's counsel Chuck Hendricks.

10. Later last evening we discovered that North Texas Fiber was unable to access to its billing and payment service—IP Pay – because emails had been diverted.

11. Without access to its customers and payment system, North Texas Fiber cannot operate its business, and is in grave danger of irreparable harm if these actions are not immediately reversed and all data restored.

12. I have reviewed and am providing this Declaration in support of the Trustee's *Ex Parte Motion to Enforce Automatic Stay.*

I declare under penalty of perjury of the laws of the United States of America that the statements in the Motion are true and correct.

Dated September 4, 2026.

Bedri Wilderom